# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: L.F.**

**No. 15-0153** (Greenbrier County 14-JA-37)

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.F., by counsel Joshua L. Edwards, appeals the Circuit Court of Greenbrier County's January 23, 2015, order terminating his parental rights to one-year-old L.F. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem for the child ("guardian"), Peter Sherman, filed a response also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights to the child without granting him a dispositional improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition against petitioner, the child's biological father, alleging that he knew the child's mother used methadone while pregnant and without a valid prescription and that he permitted the child to be exposed to the mother's substance abuse. The petition further alleged that the child tested positive for methadone at birth and required a morphine prescription to treat her withdrawal symptoms.

In August of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated to abusing and neglecting the child by allowing the child's mother to use illegal substances in the home that were harmful to the child. The circuit court accepted the stipulation and granted petitioner a post-adjudicatory improvement period. That improvement period included requirements that he fully participate with service providers in substance abuse assessments; follow the recommendations of those assessments; remain drug free; and participate in random drug and alcohol screenings.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In November of 2014, the circuit court held a review hearing on petitioner's progress in his improvement period. While petitioner requested an extension of his improvement period, the circuit court found that he failed to substantially comply with the requirements of his improvement period due to his continued substance abuse "and failure to exercise best efforts at rehabilitation." The circuit court found that, following the child's removal from the home, petitioner's substance abuse had increased. However, the circuit court ordered the DHHR to continue to provide him services until the dispositional hearing.

The circuit court held two dispositional hearings in January of 2015. The circuit court continued the first dispositional hearing because petitioner was, at the time of the hearing, housed in a short-term, inpatient, detoxification program and his counsel expressed hope that petitioner would soon enter a long-term treatment facility. At the second dispositional hearing, petitioner claims he made an oral motion for a dispositional improvement period. He also presented evidence that he was on a waiting list for one long-term, inpatient, substance abuse treatment program and had requested several referrals for other such programs. However, the circuit court found that, despite petitioner's claims, he had relapsed just days following his release from the detoxification program. Finding no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and citing the child's need for continuity and stability, the circuit court terminated petitioner's parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of his parental rights to the child without granting him a dispositional improvement period. At the outset, we note that, although petitioner claims he made an oral motion for a dispositional improvement period at the second dispositional hearing in January of 2015, he fails to cite to the record to indicate where and when he made such a motion. *See* W. Va. R. App. P. 10(c)(7) (requiring that briefs contain an argument exhibiting clearly the points of fact and law presented and "contain appropriate and

specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). Further, petitioner claims to have made his motion orally; however, West Virginia Code § 49-6-12(c)(1) requires motions for improvement periods to be made "in writing."

However, even if the motion were properly made before the circuit court, we find no error in the circuit court's order terminating petitioner's parental rights to the child. While petitioner argues that he could have substantially corrected his substance abuse issues in the near future, the record clearly demonstrates otherwise. Despite his participation in a short-term, inpatient, detoxification program, petitioner relapsed almost immediately upon his release. As to his contention that he could have completed a long-term, substance abuse treatment program, there is no indication in the record on appeal that petitioner provided the circuit court with any timeframe for his admission into, or completion of, such a program. Further, assuming he completed such a program, he presented no evidence that the same would result in the substantial correction of the conditions at issue. What is clear is that he failed to take appropriate action to correct these issues in the many months between the child's removal and his first dispositional hearing. West Virginia Code § 49-6-5(a)(6) expressly provides for termination "upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when necessary for the child's welfare. While petitioner contends in his reply brief that allowances are made in other areas of the law for failures in overcoming drug addiction, these proceedings involve a young child who needs a stable environment and continuity in caregivers.

The record on appeal clearly support's the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the child's best interests. West Virginia Code § 49-6-5(b)(3) provides that a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code, 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code, 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the circumstances of this case, we find no reversible error in the circuit court's order terminating petitioner's parental rights to the child.

For the foregoing reasons, we hereby affirm the circuit court's January 23, 2015, order.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4